## EMMA L. COLLAR V. ROLLIN H. PERSON, CIRCUIT JUDGE OF INGHAM COUNTY.

APPEAL FROM JUSTICE'S COURT.—DISMIS-
SAL OF BECAUSE NOT PERFECTED BY THE
PAYMENT OF COSTS AND CLERK FEES,
WITHIN THE STATUTORY TIME.

Relator applied for *mandamus* to com-
pel the respondent, among other things,
to reinstate relators appeal from a jus-
tice's judgment and try the same, for the
reason that the justice of the peace by
his statements made to relator's husband
prevented her from perfecting her appeal.
An order to show cause was denied.

G. F. Ottmar, for relator:

⌐ Cited in support of her applica-
tion How. Stat. sec. 7019; *Wiley v. Cir-
cuit Judge*, 29, Mich. 487; *Preston u.
Circuit Judge* 54 Id. 242; *Merriman v.
Circuit Judge* 96 Id. 603; *Swarthout v.
Circuit Judge* 99 Id. 347.

The facts as alleged in the petition for
*mandamus* were as follows:

*a*—That on October 22, 1894, a judg-
ment was rendered against the relator in
justice's court for $95.50 damages and
$3.50 costs of suit.

*b*—That on October 25, 1894, relator's
husband, acting for her, filed with the
justice the usual affidavit for appeal, and
two days later filed the required bond,
which was approved by the justice, who
informed the husband, in answer to his
inquiry that he had done all that was
required to perfect relator's appeal; that
relator and her husband relied upon said
statement and, being ignorant as to
what was required, went away believing
that relator had in all things completed
her appeal.

*c*—That relator and her husband left
the county for a week; that on their
return relator received a letter from the
justice informing her that the costs and
one dollar for making his return must be
paid before said return could be made;
that relators husband paid said costs and
return fee and was informed by the jus-
tice that this was all that was necessary
to be done upon which information he,
as also the relator, relied.

*d*—That on April 19, 1895, an order
was made by the circuit court upon the
application of the plaintiff, commanding

the justice of the peace to issue an
execution upon the judgment; that the
answer of the justice to said application
did not inform the circuit court of the
real facts in the case; that the execution
was issued and returned unsatisfied.

☐*e*—That on March 14, 1896, relators
attorney paid the clerks fees, at which
time plaintiffs attorney had the files in
the case; that on April 14, 1896, plaintiff
caused a transcript of the judgment to
be filed in the circuit court upon which
an execution was issued.

*f*—That nine days later relator noticed
the appeal for trial, filed a note of issue
and moved the court to place the case on
the calendar; that the plaintiff there-
upon moved to dismiss the appeal, which
motion was not entered in the special
motion book, but was argued and
granted.